**SO ORDERED: November 16, 2005.**

_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUSSELL C. AKERS and | ) | Case No. 04-22820-JKC-13 |
| SHIRLEY L. AKERS, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER ON APPLICATION FOR ADEQUATE PROTECTION

This matter came before the Court on Ford Motor Credit Company's ("FMCC") Application for Adequate Protection (the "Application"). For the reasons stated below, the Court grants FMCC's Application but denies FMCC's request that adequate protection be paid retroactively from funds on deposit with the Chapter 13 trustee.

On December 15, 2004, the Debtors commenced a case under Chapter 13 of the United States Bankruptcy Code. The Debtors are indebted to FMCC under an installment sale contract for a 2004 Ford Explorer (the "Vehicle"). FMCC has not received any payment on the contract since November 8, 2004, and the Debtors now owe $20,466.41, plus interest. FMCC holds a perfected security interest in the Vehicle.

On December 15, 2004, the Debtors filed a plan under which they agreed to pay FMCC a secured claim of $17,200.00, plus 2.9% interest, through the Chapter 13 trustee. That plan has yet to be confirmed, pending resolution of an issue unrelated to FMCC. Consequently, the Chapter 13 trustee has not made any disbursements to creditors, including FMCC.[1] Consequently, FMCC argues that its interest in the vehicle is not adequately protected.

Section 362(d)(1) of the Code states that "the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." Section 362(d)(2) further provides that stay relief will be granted "with respect to a stay of an act against property . . . if (A) the debtor does not have an equity in such property; and (B) such property is not necessary for an effective reorganization . . . ." Section 361 of the Code further provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by–
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

The concept of adequate protection in bankruptcy is derived, in part, from the Fifth Amendment's protection of property interests. *Wright v. Union Central Life Ins. Co.*, 311 U.S. 273,

---

[1] According to the Application, the Chapter 13 trustee is currently holding $6,070.00, in pre-confirmation plan payments.

2

61 S.Ct. 196, 85 L.Ed. 184 (194); H.R. No. 989, 95th Cong., 1st Sess. 338-40 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978). "The Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and these rights replace the protection afforded by possession." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 2315, 76 L.Ed.2d 515 (1983). "The principle of adequate protection reconciles the competing interests of the debtor, who needs time to reorganize free from harassing creditors, and the secured creditor, on the other hand, who is entitled to constitutional protection for its bargained-for property interest." *In re Planned Systems, Inc.,* 78 B.R. 852, 861 (Bankr.S.D.Ohio1987).

In a previous case, the Court granted an adequate protection request by a vehicle lender on facts similar to those here. The Court explained:

> Pursuant to Code § 362(g), "the party requesting [stay] relief has the burden of proof on the issue of the debtors's equity in the property," while "the party opposing such relief has the burden of proof on all other issues." Here, the Debtors first argue that Bank One is adequately protected through the pre-confirmation payments they have been making to the Chapter 13 Trustee. Admittedly, there is case law (relied upon by the Debtors) which holds that pre-confirmation plan payments, required to be made within thirty days of the plan being filed, automatically constitute adequate protection to a creditor, such as Bank One, which holds a lien on a depreciating asset. *See In re Johnson*, 145 B.R. 108, 114 (Bankr.S.D.Ga.1992) ("A debtor provides 'adequate protection' to each creditor holding a secured claim by making preconfirmation payments to the Chapter 13 trustee), *rev'd on other grounds*, 165 B.R. 524 (S.D.Ga.1994).
>
> The bankruptcy court's conclusion in *Johnson* rests on the assumption that the accumulated funds will be distributed in due course to the secured creditor following confirmation of the plan. *Id*. ("Upon confirmation of the debtor's plan, these accumulated funds are distributed pursuant to the plan"). However, not every Chapter 13 plan is confirmed. Many cases are eventually dismissed or converted for a variety of reasons prior to plan confirmation. In those instances, § 1326(a)(2) provides:
>
>> A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in

3

> accordance with the plan as soon as practicable. **If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.**

(emphasis added). Section 503(b) of the Code, in turn, grants administrative expense priority to the "actual, necessary costs and expenses of preserving the estate . . . ."

Accordingly, a secured creditor will only realize the value of pre-confirmation payments if a plan is actually confirmed and the payments collected by the Chapter 13 trustee prior to confirmation are disbursed. It follows under the *Johnson* court's logic that, in all other instances, a secured creditor will not be compensated for any loss in value that occurs during the pendency of the Chapter 13 case. Thus, the Court must conclude that the payment of pre-confirmation plan payments, without more, does not constitute adequate protection.

*In re Marcum*, Case No. 02-15596-JKC-13 (July 3, 2003) (J. Coachys), at 4-5.

It appears that the Debtors lack equity in the vehicle. The Debtors owe FMCC $20,486.41, plus interest, while the vehicle is "crammed down" under the plan to $17,200.00. The Debtors are, therefore, "upside down" on the car. The Court further assumes for purposes of this discussion, that the vehicle is depreciating. Although there are some exceptions, automobiles are generally considered to be "inherently depreciable." *See In re Byrd*, 250 B.R. 449, 450-51 (Bankr.M.D.Ga.2000). It would appear, then, that FMCC is entitled to adequate protection pending confirmation of the plan.

In its Application, FMCC asks that adequate protection be paid from the funds currently on deposit with the Chapter 13 trustee. While those funds may be used to pay adequate protection going forward from the date of this Order, FMCC appears to be asking that adequate protection also be paid retroactively, presumably from the filing of this case. The Court has previously stated that adequate protection will not be ordered retroactively. *Marcum* at 6. In *Marcum* the movant first filed a motion for relief from stay, arguing that its interest in the debtors' property was not

4

adequately protected. At the hearing on the motion, the movant orally requested that the debtors be required to make monthly adequate protection payments based either on the parties' contract or on the average monthly depreciation of the vehicle. While the Court concluded that the movant was entitled to periodic adequate protection payments, it ordered that such amounts be paid only from the date of the movant's oral request. *Id*.

Because the Application has not been noticed for objection, the Debtors are given 20 days to respond to this Order–either in the form of a proposal or agreed entry–indicating the amount of adequate protection to be paid FMCC pending confirmation of their plan. In the Court's opinion, adequate protection should generally be based on the average monthly depreciation of the subject collateral as this amount most closely reflects the loss suffered by a secured creditor unable to proceed against its collateral due to the automatic stay. This is not to say that the parties may not agree to adequate protection in a different amount, *e.g.*, the monthly amount due under their contract or under the plan. *See id.* at 6.

For the above reasons, the Court grants FMCC's request for adequate protection going forward from the date of this Order in an amount to be determined by the parties. The Court denies, however, FMCC's request that adequate protection be paid retroactively.

###

Distribution:

Harley K. Means
Lou Ann Marocco
Robert A. Brothers
UST